# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>TIMOTHY JOHN HARDT and<br>MICHELLE RENE HARDT<br><br>   Debtors.<br>_____<br><br>MARK DELL DONNE, individually, as a participant in THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401K PLAN, and as trustee of THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401K PLAN; THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401K PLAN; and THE JOURNEY ELECTRICAL TECHNOLOGIES, INC., a California corporation,<br><br>   Plaintiffs,<br><br>  v.<br><br>TIMOTHY JOHN HARDT, an individual; MICHELLE RENE HARDT, and individual, and DOES 1-200,<br><br>   Defendants.<br>_____ | 1:10-CV-02014 AWI<br><br>ORDER VACATING HEARING DATE OF MARCH 14, 2011 |

  In 2002, Timothy Hardt and Mark Dell Donne ("Donne") formed Hardel Enterprises, Inc., Journey Electronic Technologies, Inc., and Tri-State, Inc. (collectively "JET"). In that year they created an employee benefit plan ("JET 401(k) Plan"), whereby employees could direct JET

1

to withhold salary and put it into the JET 401(k) Plan to be invested on their behalf.  Timothy Hardt and Donne were the trustees.  The U.S. Department of Labor ("DOL") is alleging that Timothy Hardt and/or Mark Dell Donne failed to place all of the withheld salary into the JET 401(k) Plan in violation of ERISA.  Husband and wife, Timothy and Michelle Hardt ("Hardts") filed for chapter 7 bankruptcy on January 7, 2010.

Civil Case No. 10-2283 was filed by DOL against Timothy Hardt and Donne, seeking to recover funds owing to the JET 401(k) Plan.  Civil Case No. 10-2341 was filed by Donne, JET, and the JET 401(k) Plan against Herbert Hardt, L. David Brandon, and Lisa Plank, alleging that they cooperated with the Hardts in embezzling money from JET and the JET 401(k) Plan.

Civil Case No. 10-1847 was filed by DOL and Civil Case No. 10-2014 was independently filed by Mark Dell Donne, JET, and the JET 401(k) Plan against the Hardts, seeking to have the amount owed to the JET 401(k) Plan determined to be non-dischargeable.  The court issued an order to show cause why these two cases should not be consolidated as they seek the same relief against the same defendants.

Donne proposed consolidating all four cases arguing that they concern the same subject matter.  The Hardts proposed to consolidate only Civil Case No. 10-1847 and Civil Case No. 10-2014 (as the court originally envisioned).  DOL proposed consolidation of its two cases (Civil Case No. 10-1847 and Civil Case No. 10-2283) but opposed any consolidation with the cases brought by Donne.  Having reviewed the submissions, the court must conclude that consolidation would not further judicial economy and convenience at this time.

The primary concern is that contribution can not be sought under ERISA.  <u>Kim v. Fujikawa</u>, 871 F.2d 1427, 1432 (9th Cir. 1989) ("[ERISA] only establishes remedies for the benefit of the plan. Therefore, this section cannot be read as providing for an equitable remedy of contribution in favor of a breaching fiduciary"), citations omitted.  DOL in Civil Case No. 2283 charges both Donne and Timothy Hardt with violating ERISA.  Thus, DOL and Donne have distinct bases upon which to seek a determination regarding dischargeability.  It is even possible that DOL and Hardt would seek to have different amounts determined to be non-dischargeable.  Mixing the two cases together would raise tricky issues of contribution under ERISA.  That

1  scenario is best avoided.

2         As for consolidating the two cases brought by DOL (Civil Case No. 10-1847 and Civil Case No. 10-2283), the Hardts argue that there is no need to combine the two as there can be no determination of dischargeability under Civil Case No. 10-1847 until there is a determination in Civil Case No. 10-2283 that the Hardts are liable under ERISA.  The Hardts point out that the two cases should proceed consecutively rather than concurrently.  DOL has not had an opportunity to respond to this argument.

       Based upon the parties' filings, it appears that consolidation of any of the cases at this point would not serve to streamline the resolution of these cases.  The hearing on March 14, 2011 is vacated.

IT IS SO ORDERED.

Dated:    March 9, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE