**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK DELL DONNE, et al., | ) Case No.: 1:10-cv-02014 - AWI - JLT |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS |
| v. | ) DISMISSING THE ACTION FOR PLAINTIFF'S<br>) FAILURE TO PROSECUTE |
| TIMOTHY JOHN HARDT, et al., | ) |
| Defendants. | ) |

Mark Dell Donne, as a participant in The Journey Electrical Technologies, Inc. 401K Plan and as a trustee of The Journey Electrical Technologies, Inc. 401K Plan; The Journey Electrical 401K Plan; and Journey Electrical Technologies, Inc. ("Plaintiffs") have not pursued prosecution of this action. Accordingly, the Court recommends the matter be **DISMISSED**.

**I.     Relevant Procedural History**

On January 22, 2013, the Court issued an order to show cause why sanctions should not be imposed for failure to submit their joint pretrial conference statement. (Doc. 28)  In response, the parties reported they had "resolved their dispute and [were] in the process of preparing a Settlement Agreement and Mutual release, with related Requests for Dismiss of this case and the related case also involving the[] Plaintiffs."  (Doc. 29 at 3).  As a result, the Court discharged the order and indicated it would await a dismissal.  (Doc. 31).  Although that order issued on February 12, 2013, no dismissal was filed.

On September 3, 2013, in the related matter, the Court issued an order to show cause—to these same parties—indicating that it intended to dismiss the matter for failure to prosecute. *Dell Donne et al. v. Hardt et al.,* case number 1:10-cv-02341 AWI JLT [Doc. 81].

On September 30, 2013, counsel responded in this matter to the order to show cause and filed statements reporting that although the matter had settled, Plaintiffs had failed to sign the settlement agreement. (Doc. 32 at 2)  In addition, Plaintiffs' counsel Nichole Wong filed a declaration asserting her office had been unable to reach Plaintiffs and Plaintiffs had cut-off all communication. *Id.*

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence

of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Notably, Plaintiffs are no longer in contact with their counsel, and appear to have abandoned this action.

In the Order to Show Cause dated September 3, 2013, the Court warned that it may dismiss the action for Plaintiffs' failure to prosecute.  *Dell Donne et al. v. Hardt et al.,* case number 1:10-cv-02341 AWI JLT [Doc. 81].  The Court's warning to Plaintiffs satisfies the requirement that the Court consider less drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.     Findings and Recommendations**

Because Plaintiffs have failed to prosecute this action, **IT IS HEREBY RECOMMENDED**:

1.     This action be **DISMISSED WITHOUT PREJUDICE**; and

2.     The Clerk of Court be DIRECTED to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 1, 2013**                         **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE

3